USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/19/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
SHEREE COSMETICS, LLC,

                Plaintiff,

               -against-

KYLIE COSMETICS, LLC., KYLIE JENNER,
INC.; KING KYLIE HOLDINGS, LLC; SEED
BEAUTY, LLC; AND KYLIE JENNER,

                Defendants.
-------------------------------------------------------------- X

18-CV-9673 (VEC)

**OPINION AND ORDER**

VALERIE CAPRONI, United States District Judge:

    Plaintiff Sheree Cosmetics, LLC ("Sheree Cosmetics") brings this action against Kylie Cosmetics, LLC; Kylie Jenner, Inc.; King Kylie Holdings, LLC; Seed Beauty, LLC; and Kylie Jenner (collectively "Defendants") for violations of the Lanham Act and related common-law doctrines. Defendants move to dismiss for lack of personal jurisdiction and improper venue pursuant to Rule 12(b)(2) and Rule 12(b)(3) of the Federal Rules of Civil Procedure. In the alternative, Defendants move for transfer of venue to the Central District of California ("CDCA"). Finally, Defendants move to dismiss Plaintiff's trademark-infringement claim (Count I) for failure to state a claim under Rule 12(b)(6).

    Because this case could have, and should have, been brought in CDCA, the Court grants Defendants' motion to transfer pursuant to 28 U.S.C. § 1404. The remaining motions are denied as set forth below.

## I.    BACKGROUND

    Plaintiff Sheree Cosmetics is a Missouri limited liability company with a principal place of business in Alabama. Compl. (Dkt. 1) ¶¶ 5–6. Defendants Kylie Cosmetics, LLC, Kylie Jenner, Inc., King Kylie Holdings, LLC, and Seed Beauty, LLC, are all California entities, with

1

principal places of business in California. Compl. (Dkt. 1) ¶¶ 9–14; Wilson Decl. (Dkt. 42) ¶¶ 5–9. Defendant Kylie Jenner is a resident of California. Wilson Decl. (Dkt. 42) ¶ 4.

Plaintiff claims to have rights to the "BORN TO SPARKLE" mark, which Plaintiff has used in commerce since at least November 1, 2017. Compl. (Dkt. 1) ¶ 36. Plaintiff submitted a trademark application for the mark on August 30, 2018. Compl. (Dkt. 1), Ex. A.

Defendants have allegedly used the "BORN TO SPARKLE" mark to promote and sell Defendants' cosmetics. Compl. (Dkt. 1) ¶¶ 2–3, 38, 44, 49. On October 17, 2018, Plaintiff's private investigator purchased a lip liner from Defendants' website; she later received the shipment at her New York address. Webster Decl. (Dkt. 1, Ex. B), Ex. A. According to a screenshot obtained by the investigator, Defendants' website displayed the lip liner beneath a "BORN TO SPARKLE" banner, along with two other products: "BORN TO SPARKLE | GLITTER EYES" eyeshadow and "BARE | VELVET LIP KIT." Webster Decl. (Dkt. 1, Ex. B), Exs. B, D. The "BORN TO SPARKLE" eyeshadow was featured in Defendants' limited edition "21 Collection," which was launched in August 2018. Cohan Decl. (Dkt. 43) ¶ 4–6; Snyder Decl. (Dkt. 44) ¶ 5. The packaging for the eyeshadow included a small label with the words "BORN TO SPARKLE." Cohan Decl. (Dkt. 43) ¶ 6. Defendant Seed Beauty, LLC admits to manufacturing the "BORN TO SPARKLE" eyeshadow, attaching labels, and shipping the products from Southern California. *See* Cohan Decl. (Dkt. 43) ¶ 3; Snyder Decl. (Dkt. 44) ¶ 6.

In addition to shipping merchandise directly into New York, Defendants have sold some products in the state through two so-called "pop-up" stores and a third party retailer Ulta Beauty Inc. ("Ulta"). Pls. Response (Dkt. 45) at 9; Defs. Mot. to Dismiss (Dkt. 40) at 6; *see also* Compl. (Dkt. 1) ¶ 21; Webster Decl. (Dkt. 1, Ex. B), Exs. B, C. Defendants launched (and ended) the "pop-up" stores well before Defendants' sales of the "21 Collection" containing the "BORN TO

SPARKLE" eyeshadow.  Pls. Response (Dkt. 45) at 9; Defs. Mot. to Dismiss (Dkt. 41) at 6.  Ulta did not start carrying Defendants' cosmetic products in its New York locations until November 2018, Cohan Decl. (Dkt. 43) ¶ 3, well after sales of the "21 Collection" containing the "BORN TO SPARKLE" eyeshadow had ended.  Cohan Decl. (Dkt. 43) ¶ 7.  Thus, sales from the "pop-up" stores or Ulta likely did not involve products bearing the "BORN TO SPARKLE" mark.

Plaintiff commenced this action on October 22, 2018, alleging trademark infringement in violation of 15 U.S.C. § 1114(1); false designation of origin, false endorsement, and unfair competition in violation of 15 U.S.C. § 1125; and trade dress infringement in violation of 15 U.S.C. § 1125(a).  Compl. (Dkt. 1) ¶¶ 53–73.  Plaintiff also alleges common-law unfair competition and trademark infringement.  Compl. (Dkt. 1) ¶¶ 74–86.  Defendants have moved to dismiss for lack of personal jurisdiction and improper venue, and in the alternative, for transfer to CDCA.  Defendants also seek to dismiss Plaintiff's trademark-infringement claim for failure to state a claim.

## II.    DISCUSSION

For the reasons discussed below, the Court finds that the convenience of the parties and the interests of justice warrant transferring the case to CDCA, which obviates Defendants' motions to dismiss for lack of personal jurisdiction and improper venue.  *See* 28 U.S.C. § 1404(a).  The Court declines to rule on the merits of Defendants' Rule 12(b)(6) motion as to Plaintiff's trademark-infringement claim because Plaintiff has sought leave to amend in response to Defendants' motion and the merits should be reserved for the transferee court.  Dkt. 56.

**A.     Motion to Transfer**

To prevail on their transfer motion, Defendants must make a clear and convincing showing that this action could have been brought in CDCA, Defendants' preferred venue, and that transfer is warranted in light of the convenience of the parties and witnesses, and the interests of justice. 28 U.S.C. § 1404(a); *see N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010); *Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.,* 865 F.2d 513, 521 (2d Cir. 1989). The Court grants Defendants' motion because this action could have been brought in CDCA and has only a tenuous connection, at best, to this district.

As a threshold matter, Defendants have adequately demonstrated that this case could have been brought in CDCA. All Defendants are subject to general personal jurisdiction in CDCA because they are either natural persons who reside in that district or entities that are registered and have principal places of business in that district. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Finn v. Great Plains Lending, LLC*, No. 15-CV-4658, 2016 WL 705242, at *3 n.3 (E.D. Pa. Feb. 23, 2016) ("While [Defendant] is an LLC and not a corporation, the reasoning of *Daimler* applies with equal force."). Because CDCA can exercise general personal jurisdiction over all Defendants, CDCA would also be a proper venue. *See* 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.").

As to the second part of the analysis, the Court must consider the totality of the circumstances, including (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the location of relevant documents and the relative ease of access to sources of proof; (5) the availability of process to compel the attendance of unwilling

4

witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interests of justice. *Keitt v. N.Y.C.*, 882 F. Supp. 2d 412, 458–59 (S.D.N.Y. 2011); *see also N.Y. Marine*, 599 F.3d at 112 (collecting factors). Courts generally view the convenience of witnesses as the most important factor, but "no single one . . . is determinative." *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 27 (S.D.N.Y. 2016) (citation omitted); *Flood v. Carlson Restaurants Inc.*, 94 F. Supp. 3d 572, 576–77 (S.D.N.Y. 2015); *French Transit v. Modern Coupon Sys.,* 858 F. Supp. 22, 27 (S.D.N.Y. 1994) (citation omitted).

      Defendants have not shown that the convenience of witnesses justifies a transfer. To make an adequate showing on this factor, Defendants "must provide the Court with a list of probable witnesses who will be inconvenienced by the current forum and a general statement of what the witnesses' testimony will cover." *Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 324 F. Supp. 3d 366, 375 (W.D.N.Y. 2018) (citation omitted); *see Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978) ("When a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover."), *abrogated on other grounds by Pirone v. MacMillan, Inc.*, 894 F.2d 579, 585–86 (2d Cir. 1990). Defendants claim only in broad terms that "Kylie Cosmetics' most qualified representative (Jennifer Cohan)" and "all likely witnesses for Seed Beauty, including its likely most qualified representative (Stephanie Snyder)" are from Southern California. Defs.' Mot. to Dismiss (Dkt. 41) at 11; Cohan Decl. (Dkt. 43) ¶¶ 1–2; Snyder Decl. (Dkt. 44) ¶ 8. Other than those vague and conclusory assertions, Defendants have failed to provide a list of specific witnesses and their expected testimony. For that reason, while the Court does not doubt that some, and

probably most, relevant witnesses are likely to be present in California, the Court cannot give controlling weight to Defendants' claim of convenience to witnesses. *See Factors Etc.*, 579 F.2d at 218.

But no single factor is determinative. In this case, a transfer to CDCA is nevertheless warranted because the remaining factors clearly favor doing so. In the context of trademark and trade-dress cases, the locus of operative facts, which is a "primary factor" when determining a transfer motion, is the location where infringing labels are affixed to the goods and the location where confusion of purchasers is likely to occur. *CYI, Inc. v. Ja-Ru, Inc.*, 913 F. Supp. 2d 16, 19–20 (2012) (quoting *French Transit,* 858 F. Supp. at 25). The record does not reveal any actual consumer confusion in New York because the only relevant sale was to Plaintiff's private investigator. To the extent that this Court could infer that other infringing sales may have occurred in this district, there is no reason to believe that confused purchasers are more likely to be found in this district than in CDCA. Because customer confusion does not point one way or the other, the locus of operative facts in this case depends on the location of the allegedly unlawful labeling. All evidence suggests that any misappropriation of Plaintiff's mark or dress would have occurred in CDCA.

Other practical considerations favor a transfer. For instance, the convenience of the parties clearly favors a transfer because all Defendants are located in California, whereas no party resides in this district. For the same reason, relevant documents and evidence are more likely to be present in CDCA than in this district. Because the parties, likely witnesses, and evidence are all more likely to be found in California, any eventual trial would also be more efficiently conducted in CDCA; a transfer is unlikely to cause any inefficiency because the

6

parties have not substantially litigated in this district and have taken only minimal steps in discovery. *See ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 551 (S.D.N.Y. 2008).

The convenience of the parties does not favor New York simply because Plaintiff's counsel resides in Rye, New York. Convenience of counsel is immaterial, and it is not a factor that is considered by the Court when deciding a transfer of venue motion. *See Dickerson*, 315 F.R.D. at 29; *Olympia Grp., Inc. v. Cooper Indus., Inc.*, No. 00–CV–7367, 2001 WL 506219, at *2 (S.D.N.Y. May 14, 2001) ("[T]he convenience of the parties' lawyers is not relevant to the decision whether to transfer.").

The other factors are neutral or carry little weight. While a plaintiff's choice of forum is generally given deference, the plaintiff's choice carries little weight if it is neither the plaintiff's home forum nor where the operative events occurred. *See McGraw-Hill Companies Inc. v. Jones*, No. 12-CV-7085, 2014 WL 988607, at *7 (S.D.N.Y. Mar. 12, 2014) (citations omitted); *see also Quiksilver*, 581 F. Supp. 2d at 551 ("The plaintiff's choice of forum is generally entitled to deference, unless the forum chosen is not the plaintiff's home forum."). The availability of process to compel the attendance of unwilling witnesses is also neutral because there is no evidence that any witness is likely to refuse to testify. *See NBA Properties, Inc. v. Salvino, Inc.*, No. 99-CV-11799, 2000 WL 323257, at *8 (S.D.N.Y. Mar. 27, 2000). Similarly, the relative means of the parties is neutral because no evidence in the record suggests that any party is more capable than another of bearing the burden of out-of-state litigation. *See Ja-Ru*, 913 F. Supp. 2d at 25. Moreover, Plaintiff would be litigating outside its home forum regardless of whether the case is transferred. And finally, the forum's familiarity with the governing law is neutral because courts in California and New York are equally capable of handling federal trademark and trade dress claims. *See McGraw-Hill*, 2014 WL 988607, at *10.

Ultimately, viewing the totality of the circumstances, the case should be transferred to California because it has only a tangential and manufactured relationship to this district. Based on the Court's review of the record, the preference of Plaintiff's counsel seems to be the only reason that this case was filed in this district. As explained above, that cannot outweigh the other practical considerations required by 28 U.S.C. § 1404(a). While Plaintiff is entitled to its choice of counsel, the happenstance that Plaintiff's counsel is located in this state cannot dictate venue at Defendants' expense. For all of these reasons, Defendants' motion to transfer the case to CDCA is GRANTED.

**B.      Motions to Dismiss for Lack of Personal Jurisdiction and Improper Venue**

Because the Court is granting Defendants' motion to transfer, the motions to dismiss for lack of personal jurisdiction and improper venue are DENIED as moot. The Court notes that it need not establish personal jurisdiction over Defendants or decide the whether venue is proper in this district before transferring this case in the interests of justice. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *Smart v. Goord*, 21 F. Supp. 2d 309, 318 (S.D.N.Y. 1998) ("Because the application to transfer is granted, this motion [to dismiss for improper venue] need not be addressed.").

**C.      Motion to Dismiss for Failure to State a Claim**

Defendants also move to dismiss Plaintiff's trademark infringement claim (Count I of the Complaint) for failure to state a claim, on the theory that Plaintiff had no registered mark at the time this action was commenced. Plaintiff has since represented that it now has a registered mark. In light of the transfer to CDCA, the Court finds that this issue is better resolved by the transferee court. Defendants' motion to dismiss Count I is, therefore, DENIED without prejudice.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to transfer to the Central District of California is GRANTED; Defendants' motions to dismiss for lack of personal jurisdiction and improper venue are DENIED as moot; and Defendants' motion to dismiss for failure to state a claim is DENIED without prejudice. The Clerk of Court is respectfully directed to terminate docket entry 40.

The Clerk of Court is further directed to transfer this case to the U.S. District Court for the Central District of California, in accordance with the procedures set forth in Local Rule 83.1.

**SO ORDERED.**

**Date: July 19, 2019**
**New York, New York**

                                            **VALERIE CAPRONI**
                                            **United States District Judge**